**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**E & C COAL CO., INC.,
Defendant–Appellee.**

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**E & C COAL CO., INC.,
Defendant–Appellant.**

Nos. 86–1731, 86–1732.

United States Court of Appeals,
Fourth Circuit.

Argued March 9, 1988.

Decided May 5, 1988.

Walton D. Morris, Jr., U.S. Dept. of the Interior (Roger J. Marzulla, Acting Asst. Atty. Gen., Washington, D.C., John P. Alderman, U.S. Atty., Thomas R. King, Asst. U.S. Atty., Roanoke, Va., Jacques B. Gelin,

Maria A. Iizuka, Dept. of Justice, Land and Natural Resources Div., Washington, D.C., on brief), for plaintiff-appellant.

G. Michael Williams, for defendant-appellee.

Before RUSSELL and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.

PER CURIAM:

The United States appeals from that portion of the district court's judgment concluding that E & C Coal Company, Inc. (E & C) was not liable for reclamation fees for coal mined prior to August, 1982. E & C cross-appeals from that portion of the district court's judgment concluding that E & C was liable for reclamation fees for coal mined subsequent to July, 1982. This action was brought pursuant to the Surface Mining Control and Reclamation Act, 30 U.S.C. §§ 1201–1328 (1977). We reverse in part and affirm in part.

The Surface Mining Control and Reclamation Act (SMCRA) was designed to protect the environment from the adverse effects of surface coal mining operations. Pursuant to SMCRA, Congress created the Abandoned Mine Reclamation Fund, 30 U.S.C. § 1231 (1977), into which coal mine operators pay "35 cents per ton of coal produced by surface coal mining and 15 cents per ton of coal produced by underground mining." Exempted from this requirement were those activities "where the surface mining operation affects two acres or less." 30 U.S.C. § 1278(2)(1977).

To clear up confusion as to who was entitled to this two-acre exemption, the following definition of "affected area" was released in March, 1979:

> *Affected area* means, with respect to surface mining activities, any land or water upon or in which those activities are conducted or located. With respect to underground mining activities, *affected area* means: (i) any water or surface land upon or in which those activities are conducted or located; and (ii) land or water which is located above underground mine workings.

44 Fed. Reg. 15317 (March 13, 1979); 30 C.F.R. 701.5.

A further "clarifying regulation" published in January, 1981, noted that

> The definition of "affects" states that the area affected shall include the land or water above underground mine workings. This language reaffirms the current policy as reflected by the definition of "affected area" at 30 C.F.R. 701.5 and makes clear that OSM [Office of Surface Mining] intends that the definition of "affects" in no way changes the definition of "affected area" in the existing regulations.

46 Fed. Reg. 7903 (1981),

However, before this new regulation could go into effect, it was withddrawn by 46 Fed. Reg. 40650 (1981) which stated

> Withdrawal of the January 23, 1981, rule will not affect enforcement of the two-acre exemption. The rule implementing the exemption that was published March 13, 1979 at [30 C.F.R. 701.5] ... has continued in effect during the rulemaking resulting in the January 23, 1981, exemption and will continue in effect pending adoption of a final revised two-acre exemption.

On December 15, 1981, Virginia's state program under SMCRA was conditionally approved with the caveat that "As a condition of approval, Virginia must change its definition of 'affected area' to include all land and water overlying underground mine workings." 46 Fed. Reg. 61085, 61101 (1981).

Both parties have agreed that E & C is entitled to the two-acre exemption only if "affected area" does *not* include the area above underground mine workings (the "shadow area"). The district court concluded that E & C was not liable for reclamation fees prior to August, 1982 because "A thorough search of the Surface Mining Act reveals that prior to August, 1982 it did not in any way define 'affected area' as consisting of the 'shadow area.'"

On appeal, the government contends that the district court erred in finding E & C not liable for fees for coal mined prior to Au-

gust, 1982. E & C has counter-appealed from the district court's order to pay fees for the post–August, 1982 period.

## I.

■ The district court erred in finding that prior to August, 1982, "affected area" did not include the area above underground mines. The district court seems to have simply overlooked the original March 13, 1979 definition of "affected area" as "land or water which is located above underground mine workings." 44 Fed. Reg. 15317 (1979); 30 C.F.R. § 701.5. As the statutory history shows, this original definition was occasionally tinkered with but never fundamentally changed. The district court was clearly erroneous in finding August, 1982 to be the first time that land above ground was included in the definition of "affected area."

## II.

■ Defendant argues that it should not have to pay reclamation fees subsequent to August, 1982, since it was granted an exemption by Virginia. However, Virginia's program was approved only on the condition that it define "affected area" to include that land overlying underground mine workings. 46 Fed. Reg. 61101 (1981). Further, states are not permitted to modify their programs without the Secretary's approval. 30 C.F.R. § 732.17(g). Virginia simply could not grant an exemption contrary to that allowed by the Act. It was clear that Virginia's definition of "affected area" would have to conform with the one that had already been promulgated by the Act and defendants should have been aware of this ruling.

Defendant should be required to pay fees for coal mined both prior and subsequent to August, 1982. Accordingly, the judgment of the district court is affirmed in part and reversed in part.

AFFIRMED IN PART and REVERSED IN PART.